# IN THE SUPREME COURT OF IOWA

No. 17–1640

Filed April 26, 2019

**STATE OF IOWA,**

> Appellee,

vs.

**WILLIAM E. CRAWFORD,**

> Appellant.

---

On review from the Iowa Court of Appeals.

Appeal from the Iowa District Court for Scott County, Thomas G. Reidel, Judge.

A defendant appeals his conviction and sentence for second-degree murder. **DECISION OF COURT OF APPEALS AFFIRMED IN PART AND VACATED IN PART; JUDGMENT OF CONVICTION AFFIRMED, SENTENCE VACATED IN PART, AND CASE REMANDED.**

Mark C. Smith, State Appellate Defender (until withdrawal), and Mary K. Conroy, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, Timothy M. Hau, Assistant Attorney General, Michael J. Walton, County Attorney, and Kimberly K. Shepherd and Steven A. Berger, Assistant County Attorneys, for appellee.

**PER CURIAM.**

A jury convicted William Crawford of second-degree murder. On appeal, Crawford challenges the district court's rulings denying his motion to continue the trial and admitting a video recording of his police interview into evidence. He also challenges the portion of his sentence requiring him to make restitution of appellate attorney fees.

We transferred the case to the court of appeals. The court of appeals affirmed Crawford's conviction. It also vacated that part of the sentence dealing with restitution and remanded the case for entry of a corrected sentencing order. Crawford asked for further review, which we granted.

On further review, we choose to let the court of appeals decision stand as our final decision regarding the district court's rulings denying his motion to continue trial and admitting a video recording of his police interview into evidence. *See State v. Baker*, ___ N.W.2d ___, ___ (Iowa 2019) ("On further review, we have the discretion to review all or some of the issues raised on appeal or in the application for further review." (quoting *State v. Clay*, 824 N.W.2d 488, 494 (Iowa 2012))). Therefore, we affirm Crawford's conviction.

As to Crawford's argument that the district court erred in ordering him to pay restitution in the form of appellate attorney fees without first determining his reasonable ability to pay those fees, we find the restitution part of his sentence should be vacated. In *State v. Albright*, ___ N.W.2d ____ (Iowa 2019), filed after the court of appeals decision in this case, we set forth the procedure to follow when determining the restitution obligation of a defendant. There we held that certain items of restitution are subject to a reasonable-ability-to-pay determination. *Id.* at ___; *see also* Iowa Code § 910.2(1) (2019). We also clarified that a plan of restitution is not complete until the sentencing court issues the final

restitution order. *Albright*, ___ N.W.2d at ___. Finally, we emphasized that a final restitution order must take into account the offender's reasonable ability to pay certain items of restitution. *Id.*

Here, the district court did not have the benefit of the procedures outlined in *Albright* when it entered its order regarding restitution. Accordingly, we must vacate that part of the sentencing order regarding restitution and remand the case back to the district court to impose restitution consistent with our decision in *Albright*.

**DECISION OF COURT OF APPEALS AFFIRMED IN PART AND VACATED IN PART; JUDGMENT OF CONVICTION AFFIRMED, SENTENCE VACATED IN PART, AND CASE REMANDED.**

All justices concur except McDonald, J., who takes no part.

This opinion shall not be published.